## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Daniel Ossei | * | |
| 2110 Amber Way | | |
| Baltimore, Maryland 21244 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | Civil Action No.: |
| | | |
| Dollar Tree Stores, Inc. | * | |
| 5650 Baltimore National Pike | | |
| Catonsville, Maryland 21228 | * | |
| | | |
| | * | |
| | | |
| Defendant. | * | JURY TRIAL DEMAND |
| | * | |
| | | |
| | * | |
| Serve on: | | |
| | * | |
| Corporation Trust Incorporated | | |
| 300 East Lombard Street | * | |
| Baltimore, Maryland 21202 | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

### Jurisdiction and Venue

1.   This action arises under the provisions of the Title VII of the Civil Rights Act of 1964,

(Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Civil Rights Act of 1866, §

1981, and the Age Discrimination in Employment Act, (ADEA), 29 U.S.C. § 621, *et seq.*,

as hereinafter more fully appears. The subject matter jurisdiction of this Court is properly

invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e. This Court has personal jurisdiction over the Defendant as a citizen of Maryland, or as a person who transacts business within the State of Maryland.

## Nature of the Action

2.  Plaintiff brings this action to secure protection of rights granted under the statutes mentioned above, to redress deprivation of rights thereunder, and to obtain such other relief as is necessary to redress the injury to Plaintiff resulting from Defendant's violation of those statutes.

3.  Plaintiff's damages are significant, including, but not limited to, the loss of salary, reputation, career advantage, emotional tranquility and denial of his constitutional and statutory rights. Through this Complaint, Plaintiff seeks to vindicate his rights to fair treatment and equal opportunity.

## Parties

4.  Plaintiff, Daniel Ossei, (hereinafter "Plaintiff or Ossei") is an adult citizen of the United States and a citizen of the State of Maryland.

5.  Defendant, Dollar Tree Stores, Inc., (hereinafter "Defendant or Dollar Tree") is a retail chain that conducts business in Maryland.

6.  During all relevant times, Plaintiff was employed by Defendant.

7.  At all relevant times, Defendant was an "employer" as defined by 42 U.S.C. § 2000e(b), and employed the requisite number of employees.

**Administrative Procedure**

8.  Ossei filed a timely charge of discrimination with the Equal Employment Opportunity

    Commission (EEOC), alleging race and age discrimination.

9.  EEOC conducted an investigation, and without making a determination in the matter,

    issued a Notice of Right to Sue on May 7, 2009, by the Baltimore District Office Equal

    Employment Opportunity Commission (EEOC).

10. Having met all procedural prerequisites set forth in § 706 of Title VII (42 U.S.C. § 2000e-

    5), Ossei filed the instant lawsuit, within 90 days of his receipt of the Notice.


**Allegations Common to All Counts**

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10

    with the same effect as if herein fully set forth.

12. Ossei is black, and a native of Ghana, West Africa.

13. During all relevant times, Ossei was sixty-four (64) years old.

14. Defendant has employed Ossei since August 2002.

15. Ossei's most recent position was that of Assistant Manager.

16. Ossei's performance has always been at least satisfactory, and he has no previous record

    of discipline.

17. On November 10, 2008, Ossei was transferred from Store No. 3531 in Dundalk, to Store

    No. 3828, located at 5650 Baltimore National Pike.

18. On November 19, 2008, Ossei, along with two female cashiers, made a night deposit of

    the day's receipts.

19. Together, the two deposits totaled Three Thousand One Hundred Nineteen Dollars ($3119.00).

20. Ossei attempted to make the deposits in accordance with the instructions of his manager, Jamal Sulemana.

21. Ossei had been instructed that he could make more than one deposit at a time.

22. While doing so, the trio was robbed at gunpoint, with the gun being pointed at Plaintiff's head, along with a demand for the money or his life.

23. Defendant held a meeting the next day, November 20, 2008, and Ossei was discharged.

24. Ossei was told that he was discharged because he violated Defendant's policy concerning the limit of the dollar amount of bank deposits.

25. The company policy states that deposits up to $4000.00 were allowable; however, pursuant to the district manager's email communication, the maximum allowable deposit was $2500.00

26. Upon information and belief, prior to the robbery, it was customary for managers at Store No. 3828 to make multiple deposits.

27. Upon information and belief, Store No. 1705 in Laurel, located in the same district as Store No. 3828, routinely makes multiple deposits in the same fashion as Ossei did, however, that store's managers, who are all Caucasian, have not been disciplined or discharged.

## COUNT I

### (Action pursuant to Title VII for Discrimination Based on Race)

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 with the same effect as if herein fully set forth.

29. Ossei is a black male.

30. Plaintiff's performance has always been at least satisfactory, and he has no previous record of discipline.

31. Ossei was told that he was discharged because he violated the district policies concerning the limit of the dollar amount of bank deposits.

32. Upon information and belief, Defendant's store in Laurel, located in the same district as Ossei's workplace, made deposits in the same fashion as Ossei did, and its managers, all outside of Ossei's protected classes of race and age, were not disciplined or discharged.

## COUNT II

### (Action pursuant to §1981 for Discrimination Based on Race)

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 with the same effect as if herein fully set forth.

34. Ossei is a black male.

35. Plaintiff's performance has always been at least satisfactory, and he has no previous record of discipline.

36. Ossei was told that he was discharged because he violated the district policies concerning the limit of the dollar amount of bank deposits.

37.   Upon information and belief, Defendant's store in Laurel, located in the same district as Ossei's workplace, made deposits in the same fashion as Ossei did, and its managers, all outside of Ossei's protected classes of race and age, were not disciplined or discharged.


### COUNT III

**(Action pursuant to the Age Discrimination in Employment Act)**

38.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 with the same effect as if herein fully set forth.

39.   During all relevant times, Ossei was sixty-four (64) years old.

40.   Plaintiff's performance has always been at least satisfactory, and he has no previous record of discipline.

41.   Upon information and belief, the managers at Defendant's Laurel location are significantly younger than Ossei.


**WHEREFORE**, Plaintiff, Daniel Ossei, prays this Court to grant the following relief:

A.   That this Court grants a permanent injunction, enjoining Defendant, its officers, agents, servants and employees, attorneys and all persons in active concert or participation with them, including their successors and assigns, from engaging in any employment practice which discriminates against individuals based the unlawful practices delineated in this Complaint.

B.  That this Court enters an order commanding the Defendant to carry out policies and programs, which provide equal employment opportunities, and which will eradicate the effects of their past and present unlawful employment practices;

C.  That this Court enters judgment in favor of Plaintiff and against the Defendant, for appropriate back wages and benefits.

D.  That this Court enters judgment in favor of Plaintiff and against Defendant for compensatory damages in the amount of $1,000,000.00 and punitive damages in the amount of $1,000,000.00.

E.  That this Court orders Defendant to reinstate Ossei to his former position or a comparable one, and otherwise make him whole and;

F.  That this Court grants Plaintiff attorney's fees and costs in this matter and;

G.  That this Court grants such further relief as the Court deems necessary and proper, and in the public interest.

## **Demand for Jury Trial**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury for all issues pled herein so triable.

Dated this 28th day of July 2009.

Respectfully submitted,

**Thomas B. Corbin, P.A.**


_____/s/_____

Thomas B. Corbin
Bar No.: 26577
201 North Charles Street
Suite 1106
Baltimore, MD  21201
(410) 685-0400
(410) 685-0707 (Fax)
email: thoscorbin@aol.com


Counsel for Plaintiff